**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

KEON RANDALL
ADC #141931                                                                                                    PLAINTIFF


V.                                          5:08CV00214 JLH/JTR


SUSAN POTTS,
Jail Administrator, Drew County Jail                                                      DEFENDANT


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy

will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the

right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, who is a prisoner confined at the Varner Unit of the Arkansas Department of Correction, has filed a *pro se* § 1983 Complaint alleging that Defendant Jail Administrator Susan Potts violated his constitutional rights while he was confined at the Drew County Jail. *See* docket entry #2.  Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice, because it is frivolous and duplicative of a previously filed action that is currently pending in this District.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the

## II.  Discussion

On June 3, 2008, Plaintiff filed a *pro se* § 1983 Complaint alleging that Jail Administrator Susan Potts denied him adequate medical care for a rash while he was being held in the Drew County Jail.  *See Randall v. Potts*; 5:08CV00162 BSM/HLJ ("*Randall I*"), at docket entry #2.  The next day, he filed an Amended Complaint alleging that the unsanitary conditions at the Drew County Jail caused him to contract the rash, which he believes to be scabies.  *Id.* at docket entry #3.   A Motion to Dismiss is currently pending in that action.  *Id.* at docket entry #13.

On August 1, 2008, Plaintiff filed the Complaint in this case, which is a *verbatim copy* of the Amended Complaint in *Randall I.*  Thus, Plaintiff has burdened the Court with an unnecessary lawsuit that seeks to litigate the same claims that are currently at issue in *Randall I.*  Accordingly, the Court recommends that this action be dismissed as frivolous and duplicative of the claims pending in *Randall I.*

## III.  Conclusion

IT IS THEREFORE RECOMMEND THAT:

1.      Pursuant to the screening function mandated by 28 U.S.C. § 1915A, Plaintiff's § 1983 Complaint (docket entry #2) be DISMISSED, WITH PREJUDICE, as being frivolous and duplicative of the claims currently pending in *Randall v. Potts*; 5:08CV00162 BSM/HLJ.

---

plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do."  *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Court emphasized that a *pro se* prisoner's § 1983  complaint must be  "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

2.      Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).[2]

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 20th day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."